# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LEONARD MARTINEZ,

       Plaintiff,

vs.                                        No. CIV 17-1195 JB/GBW

CITIMORTGAGE, INC., a successor in
interest by Merger to ABN AMRO
Mortgage Group, Inc.; DITECH
FINANCIAL, LLC, and SHELLPOINT
MORTGAGE SERVICING,

       Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on: (i) the Plaintiff's Motion for Default Judgment Against Defendant Shellpoint Mortgage Servicing, filed February 21, 2018 (Doc. 15)("Judgment Motion"); and (ii) Defendant New Penn Financial, LLC DBA Shellpoint Mortgage Servicing's Motion to Quash Service of Summons on Complaint, filed August 20, 2018 (Doc. 52)("Motion to Quash"). The Court held a hearing on August 22, 2018. The primary issues are: (i) whether Plaintiff Leonard Martinez properly served Defendant Shellpoint Mortgage Servicing with the Summons on Complaint for Violation of the Unfair Practices Act, Violation of the Real Estate Settlement Procedure Act ("RESPA"), Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, filed January 25, 2018 (Doc. 8)("Summons"), and Complaint for Violation of the Unfair Practices Act, Violation of the Real Estate Settlement Procedures Act ("RESPA"), Breach of Contract, and Breach of the Covenant of Good Faith and Fair Dealing, D-202-CV-2017-07661 (Second Judicial District Court, County of Bernalillo, State of New Mexico, filed October 25, 2017), filed in federal court December 5, 2017 (Doc. 1-

1)("Complaint"), when he sent those documents via certified mail to the general payment address that was listed on the monthly mortgage statements that Shellpoint Mortgage gave Martinez; and (ii) if there was proper service, whether the Court should enter default judgment against Shellpoint Mortgage. The Court concludes that Martinez did not properly serve the Summons and the Complaint, because sending the Summons and Complaint to a general payment address does not satisfy rule 4 of the Federal Rules of Civil Procedure or rule 4 of the New Mexico Rules of Civil Procedure. Accordingly, the Court will not enter default judgment against Shellpoint Mortgage, it will deny the Judgment Motion, and it will grant the Motion to Quash.

## FACTUAL BACKGROUND

The Court takes its facts from the Complaint. The Court provides these facts for background. It does not adopt them as the truth, and it recognizes that these facts are largely Martinez' version of events.

Martinez is a homeowner in Bernalillo County, New Mexico. See Complaint ¶¶ 5, 7, at 2. A mortgage mote secures the property Martinez owns at 34 Vallecitos, Tijeras New Mexico 87059. See Complaint ¶ 9, at 2. Defendants CitiMortgage, Inc. and Ditech Financial, LLC are prior servicers of the mortgage note, and Shellpoint Mortgage is the current servicer. See Complaint ¶¶ 10-12, at 2.

Around December, 2015, Martinez wanted to modify his loan agreement, so he entered a Trial Payment Plan ("TPP") with CitiMortgage, Inc. that, if he successfully completed, would qualify him for a loan modification. See Complaint ¶ 14, at 2. Martinez made his first four TTP payments in December, 2015, January, 2015, February, 2016, and April, 2016, respectively. See Complaint ¶ 16, at 2-3. In April, 2016, however, Martinez received a letter from CitiMortgage, Inc. stating that the "Repayment/Forbearance plan on your account has been removed."

Complaint ¶ 19, at 3.  CitiMortgage, Inc. subsequently transferred Martinez' loan to Ditech Financial.  See Complaint ¶¶ 20-23, at 3.  Although Martinez made several mortgage payments to Ditech Financial, Ditech Financial informed Martinez that he was not eligible for a loan modification and initiated foreclosure proceedings on Martinez' home.  See Complaint ¶ 25, at 3.  Despite those proceedings, Ditech Financial transferred the loan to Shellpoint Mortgage, which began servicing the loan on June 16, 2017.  See Complaint ¶ 26, at 4.  Shellpoint Mortgage did not recognize or honor the TPP that CitiMortgage, Inc. offered to Martinez.  See Complaint ¶ 26, at 4.

**Findings of Fact of Rule 12(b)(5) Motion**

There are several factual issues in deciding the motion.  The Court makes the following findings of fact:

1.      On November 7, 2017, Martinez sent the Summons and Complaint via certified mail to Shellpoint Mortgage at: Shellpoint Mortgage Servicing, P.O. Box 740039, Cincinnati, Ohio, 45274-003.   See Plaintiff's Response to Defendant New Penn Financial, LLC DBA Shellpoint Mortgage Servicing's Motion to Quash Service of Summons on Complaint, App. 1, filed August 21, 2018 (Doc. 52)("Motion to Quash Response").

2.      The certified mail receipt was signed, and the envelope was stamped with a delivery date of November 7, 2017.  See Exhibit 1, at 1, filed August 21, 2018 (Doc. 53).

3.      Shellpoint Mortgage did not respond to the service or defend the action.  See Affidavit of Eric N. Ortiz ¶¶ 4-5, at 1 (executed February 21, 2018), filed February 21, 2018 (Doc. 15)("Ortiz Aff.")(attesting that Shellpoint Mortgage has not defended in this action).

4.      On July 19, 2018, Martinez corresponded with Shellpoint Mortgage via telephone to notify Shellpoint Mortgage that "he was going to court."  Affidavit of Caroline Trinkley ¶ 12,

at 3 (executed August 20, 2018), filed August 20, 2018 (Doc. 52)(" Trinkley Aff.").

5.      On August 10, 2018, Shellpoint Mortgage's "legal department was advised by co-defendant Ditech Financial, LLC ("Ditech")" of the Judgment Motion.  Trinkley Aff. ¶ 13, at 3.

6.      Shellpoint Mortgage filed the Motion to Quash on August 20, 2018.  Motion to Quash, ¶ 21, at 7.

7.      Shellpoint Mortgage uses the P.O. Box in Cincinnati, Ohio "for the sole purpose of collecting mortgage loan payments submitted by borrowers."  Trinkley Aff. ¶ 8, at 2.

8.      Shellpoint Mortgage does not maintain "any officers, managers, general agents or persons authorized by appointment or law to receive service of process" on its behalf at P.O. Box 740039 in Cincinnati, Ohio.  Trinkley Aff. ¶ 9, at 2.

9.      New Penn Financial, LLC does business as Shellpoint Mortgage.  See Trinkley Aff. ¶ 2, at 1.

10.      On June 19, 2015, Shellpoint Mortgage registered an agent for service of process in New Mexico.  See Trinkley Aff. ¶ 10, at 3.

11.      On the website for the Secretary of State of New Mexico, the registered agent is listed under entity name "New Penn Financial, LLC."  See Search Information, at 1, filed August 20, 2018 (Doc. 52)(dated August 17, 2018).

12.      The address for the registered agent is: 123 East Marcy St., Suite 101, Santa Fe, New Mexico, 87501.  See Search Information, at 1.

13.      The case presents a federal question as to whether Defendants violated the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601-17 ("RESPA").  See Complaint ¶¶ 52-63, at 7-8.

# PROCEDURAL BACKGROUND

Martinez sues, contending that CitiMortgage, Inc., Ditech Financial, and Shellpoint Mortgage violated the TPP Agreement, which specifies that, if Martinez makes three TPP payments, his loan will be modified.  See Complaint ¶ 31, at 4; id. ¶ 45, at 6.  He argues, under similar theories, that CitiMortgage, Inc., Ditech Financial, and Shellpoint Mortgage breached the implied covenant of good faith and fair dealing, and that CitiMortgage, Inc. violated the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601-17 ("RESPA") and the New Mexico Unfair Practices Act, N.M. Stat. Ann. §§ 57-12-1 to -26 ("NMUPA").  Complaint ¶¶ 34-43, 47-63, at 4-8.  CitiMortgage, Inc. removed the case to federal court, asserting that the Court had jurisdiction, because the Complaint presents a federal question.  Notice of Removal ¶ 2, at 1, filed December 5, 2017 (Doc. 1)("Notice of Removal").

## 1.    The Judgment Motion.

On February 21, 2018, Martinez filed the Judgment Motion, arguing that the Court should enter a default judgment against Shellpoint Mortgage, because he served Shellpoint Mortgage via certified mail on November 7, 2017, and Shellpoint Mortgage did not timely respond to that service.  See Judgment Motion ¶¶ 2-4, at 1-2.  According to Martinez, "'[w]hen a party . . . has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk *must* enter the party's default.'"  Judgment Motion ¶ 5, at 2 (quoting Fed. R. Civ. P. 55(a)(emphasis in Judgment Motion)).  Martinez concludes, thus, that, because Shellpoint Mortgage has not defended and because Martinez presents an affidavit attesting that Shellpoint Mortgage has not defended, the Court should enter default judgment against Shellpoint Mortgage.  See Judgment Motion ¶ 6, at 2.  See also Ortiz Aff.

2. **Motion to Quash.**

Shellpoint Mortgage moves to quash service of the Summons and Complaint, arguing that the address Martinez used for service is used "***solely*** to collect mortgage payments in its regular course of business as a mortgage servicer." Motion to Quash at 2 (emphasis original). According to Shellpoint Mortgage, Martinez' use of that mailing address does not satisfy the federal or state servicing rules, because Martinez did not deliver the Summons and Complaint on an officer, manager, general agent, or any other agent authorized to accept service. See Motion to Quash at 5-6 (citing Fed. R. Civ. P. 4(e)(1), (h)(1); N.M. Rules Ann. 1-004(G)(1)(a)-(G)(3)). Shellpoint Mortgage adds that it was not aware of this action until August 14, 2018, when Ditech Financial contacted Shellpoint Mortgage about it. See Motion to Quash at 6. It concludes that, because service was improper and because it did not have actual notice of the lawsuit until six days before it filed the Motion to Quash, the Court should quash service, and deny the requests in the Judgment Motion. See Motion to Quash at 6-7.

3. **Motion to Quash Response.**

Martinez responded. See Motion to Quash Response. He contends that his service on Shellpoint Mortgage is proper, because he served it in a "manner reasonably calculated . . . to apprise the defendant of the existence and pendency of the action." Motion to Quash Response at 1 (citing N.M. Rules Ann. 1-004(E)(1)). He argues that he is authorized to complete service "by mail" as long as: (i) the "envelope is addressed to the named defendant"; and (ii) "the defendant signs a receipt for the envelope containing the summons and complaint." Motion to Quash Response at 1-2 (citing N.M. Rules Ann. 1-004(E)(3), (G)(3)). He contends that he satisfies both of those requirements, because he mailed an envelope with the Summons and Complaint to the named Defendant -- Shellpoint Mortgage -- and because someone from

Shellpoint "signed for it."  Motion to Quash Response at 2.  Martinez also asserts that Shellpoint

Mortgage regularly receives mail at the address to which he sent it, so according to Martinez, he

served Shellpoint Mortgage in a manner reasonably calculated to alert it to the lawsuit.  See

Motion to Quash Response at 2.   He argues that, contrary to Shellpoint Mortgage's

representations, he did not need to mail the Summons and Complaint to a registered agent,

because service by mail suffices.  See Motion to Quash at 3.  He concludes by asking the Court

to deny the requests in the Motion to Quash and to grant the Judgment Motion.  See Motion to

Quash at 3.

### 4. **The Hearing.**

The Court held a hearing on August 22, 2018.  See Clerk's Minutes at 1, filed August 21,

2018 (Doc. 54).  The Court noted that default is a two-step process.  See Transcript of Hearing at

4:11-12, taken August 22, 2018 (Court)("Tr.").[1]  It asked whether it should deny the Judgment

Motion, because the Clerk of the Court had not filed a Certificate of Default.  See Tr. at 4:6-21.

Martinez stated that he understood the Clerk of the Court had filed a certificate of default.  See

Tr. at 4:23-25 (Gonzales.)  The Court noted that it did not have a Certificate of Default from the

Clerk of the Court.  See Tr. at 5:20-23 (Court).  See Civil Docket for Case #: 1:17-cv-01195-JB-

LF, CMECF, https://ecf.nmd.circ10.dcn/cgi-bin/DktRpt.pl?902308060071476-L_1_0-1.

Martinez contended that New Mexico requires that service occur "in a manner reasonably

calculated under all circumstances to apprise a defendant of the existence and pendency of the

action and to afford a reasonable opportunity to appear and defend."   Tr. at 7:20-26

(Gonzales)(citing N.M. Rules Ann. 1-004(E)(1)).[2]   Under Martinez' interpretation, rules 1-

---

[1]The Court's citations to the transcript of the hearing refer to the court reporter's original,
unedited version.  Any final transcript may contain slightly different page and/or line numbers.
[2]Rule 1-004(E)(1) provides: "Process shall be served in a manner reasonably calculated,

004(E)(3) and 1-004(G(3) authorize service by certified mail when the defendant signs a receipt

for the delivery. <u>See</u> Tr. at 9:8-10 (Gonzales)(citing N.M. Rules Ann. 1-004(E)(3), (G)(3)).[3]

Martinez argued that he satisfied New Mexico law, because he sent service through certified

mail to an address that Shellpoint Mortgage regularly checked and the envelope was stamped,

indicating that Shellpoint Mortgage received the delivery. <u>See</u> Tr. at 8:14-16 (Gonzales); <u>id</u>. at

9:18-21 (Gonzales). Further, Martinez argued that he could not have discovered the address for

the registered agent for Shellpoint Mortgage. <u>See</u> Tr. at 10:11-18 (Gonzales).

Shellpoint Mortgage responded that the summons and complaint must be mailed to an

agent authorized to accept service, and that Martinez did not satisfy that requirement. <u>See</u> Tr. at

13:7-9 (Edwards)(citing N.M. Rules Ann. 1-004(G)(1)(a), (c)).[4]  Shellpoint Mortgage also cited

---

under all the circumstances, to apprise the defendant of the existence and pendency of the action
and to afford a reasonable opportunity to appear and defend." N.M. Rules Ann. 1-004(E)(1).

[3]Rule 1-004(E)(3) provides:

> Service may be made by mail or commercial courier service provided that the
> envelope is addressed to the named defendant and further provided that the
> defendant or a person authorized by appointment, by law or by this rule to accept
> service of process upon the defendant signs a receipt for the envelope or package
> containing the summons and complaint, writ or other process. Service by mail or
> commercial courier service shall be complete on the date the receipt is signed as
> provided by this subparagraph. For purposes of this rule "signs" includes the
> electronic representation of a signature.

N.M. Rules Ann. 1-004(E)(3). Rule 1-004(G)(3) states: "Service may be made on a
person or entity described in Subparagraph (1) of this paragraph by mail or commercial
courier service in the manner provided in Subparagraph (3) of Paragraph E of this rule."
N.M. Rules Ann. 1-004(G)(3).

[4]The relevant provisions are:

(1) Service may be made upon:

> (a) a domestic or foreign corporation, a limited liability company or an
> equivalent business entity by serving a copy of the process to an officer, a

Hukill v. Oklahoma Native American Domestic Violence Coalition, 542 F.3d 794 (10th Cir. 2008), to support its argument. See Tr. at 13:24-14:1 (Edwards). Shellpoint Mortgage explained that, in Hukill v. Oklahoma Native American Domestic Violence Coalition, the United States Court of Appeals for the Tenth Circuit concluded that the plaintiff should have served an authorized person even though the Oklahoma statute stated only that "service by mail should be accomplished by mailing a copy of the summons and petition by certified mail return receipt requested and delivery restricted to the addressee." Tr. at 15:13-16 (Edwards)(citing Hukill v. Okla. Native Am. Domestic Violence Coal., 542 F.3d at 798)(citing Okla Stat. tit. 12 § 2004(C)(2)(b))). The Court asked for the language that the Tenth Circuit used. See Tr. at 23:15-25:15(Court). Shellpoint Mortgage explained that, in that case, a corporation was "served via unauthorized people." Tr. at 3:16 (Edwards). The Tenth Circuit held that, because "Ms. Hukill's attempted service by mail was accepted by an unauthorized person, it did not substantially comply with the statute and wasn't valid." Tr. at 15-17:16 (Edwards)(citing Hukill v. Okla. Native Am. Domestic Violence Coal., 542 F.3d at 802). The Court returned the discussion to rule 1-004, and asked whether rule 1-004(G)(1) had to be satisfied. See Tr. at

managing or a general agent or to any other agent authorized by appointment, by law or by this rule to receive service of process. If the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant;

. . .

(c) an unincorporated association which is subject to suit under a common name, by serving a copy of the process to an officer, a managing or general agent or to any other agent authorized by appointment, by law or by this rule to receive service of process. If the agent is one authorized by law to receive service and the statute so requires, by also mailing a copy to the unincorporated association.

N.M. Rules Ann. 1-004(G)(1)(a), (c).

15:17-17:17 (Court). Shellpoint Mortgage concluded that service had to satisfy rule 1-004(G)(1). See Tr. at 19:17-25:17 (Edwards). The Court then asked whether Shellpoint Mortgage read Hukill v. Oklahoma Native American Domestic Violence Coalition to mean that due process requires a plaintiff to mail a summons and complaint to an authorized person, and Shellpoint Mortgage agreed that it read the case in that manner. See Tr. ¶¶ 19:17-25:17 (Court).

Shellpoint Mortgage contended that Martinez sent a Summons and Complaint to an address that Shellpoint Mortgage used only to receive payments, and that address was not used for litigation. See Tr. at 11:22-24 (Edwards). Shellpoint Mortgage admitted that there is a return stamp on the envelope with which Martinez tried to serve Shellpoint Mortgage, but no person authorized to accept service signed the envelope. See Tr. at 2:1-6 (Edwards). Shellpoint Mortgage contended that such service does not suffice under federal or New Mexico rules. See Tr. at 13:7-9 (Edwards). Shellpoint Mortgage further noted that Martinez could have discovered that New Penn Financial LLC does business as Shellpoint Mortgage and that Martinez could have discovered the registered agent by searching for New Penn Financial LLC on the New Mexico Secretary of State's website. See Tr. at 19:5-11 (Edwards).[5]

Martinez reiterated that New Mexico does not require that the summons and complaint be mailed to a registered agent. See Tr. at 21:6-8 (Gonzales). He asserted that New Mexico requires only that they be mailed to an address at which the defendant regularly receives mail. See Tr. at 21:9-12 (Gonzales). The Court asked Martinez about Hukill v. Oklahoma Native American Domestic Violence Coalition, see Tr. at 24:11-35 (Court), and Martinez differentiated

---

[5]The Court notes that the Shellpoint Mortgage website clarifies that New Penn Financial LLC does business as Shellpoint Mortgage Servicing. See Shellpoint Mortgage Servicing, https://www.shellpointmtg.com/. The website for the New Mexico Secretary of State lists a registered agent for New Penn Financial, LLC. See Search Information at 1-2. The registered agent noted is Corporation Service Company, located at: 123 East Marcy St., Suite 101, Santa Fe, New Mexico 87501. See Search Information at 2.

the case from the present facts, citing the Tenth Circuit's reliance on an Oklahoma statute,  see Tr. at 21:9-12 (Gonzales).  The Court looked at rule 1-004(G) and explained that the Court reads the statute by beginning with rule 1-004(G)(1)(a), which describes on whom a plaintiff may serve the summons and complaint.  See Tr. at 27:4-14 (Court)(citing N.M. Rules Ann. 1-004(G)(1)(a)).  Then, the Court turned to rule 1-004(G)(1)(c), according to which, "service may be made on a person or entity described in paragraph 1 of this paragraph."  Tr. at 27:14-21 (Court)(citing N.M. Rules Ann. 1-004(G)(1)(c)).  The Court stated: "So you've got to go back up to paragraph 1, by mail, or it gives some other provisions."  Tr. at 27:14-18 (Court).  Following a review of rule 1-004(G), the Court looked to rule 1-004(E)(3) for directions on mailing the summons and complaint.  See Tr. at 28:3-8 (Court)(citing N.M. Rules Ann. 1-004(E)(3)).  The Court stated that it was inclined to hold that service has to be on a person listed in rule 1-004(G)(1).  See Tr. at 28:8-14 (Court)(citing N.M. Rules Ann. 1-004(G)(1)).  The Court stated: "Probably the reason that the signature requirement is important [is] to see who signed for it and see if they were in fact authorized."  Tr. at 28:17-19 (Court).  The Court indicated that it was inclined to grant the Motion to Quash and deny the Judgment Motion.  See Tr. at 28:19-24 (Court).

## LAW REGARDING 12(b)(5)

Rule 12(b)(5) provides, in pertinent part: "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion . . . (5) insufficient service of process."  Fed. R. Civ. P. 12(b)(5).  Under rules 12(b)(4) and 12(b)(5), a "defendant may object to plaintiff's failure to comply with the procedural requirements for proper service set forth in or incorporated by Rule 4."  Richardson v. Alliance Tire & Rubber Co., 158 F.R.D. 475, 477 (D. Kan.

1994)(Crow, J.)(quoting 5A C. Wright & A. Miller, <u>Federal Practice and Procedure</u> § 1353 (2d ed. 1990)). "Rules 12(b)(4) and 12(b)(5) allow a defendant to defend against a claim on the grounds of insufficiency of process and insufficiency of service of process." <u>Whitsell v. United States</u>, No. 99-5114, 1999 WL 987355 at *1 (10th Cir. 1999).[6] "A Rule 12(b)(4) motion constitutes an objection to the form of process or the content of the summons rather than the method of its delivery." <u>Oltremari by McDaniel v. Kan. Soc. & Rehab. Serv.</u>, 871 F. Supp. 1331, 1349 (D. Kan. 1994)(Lungstrum, J.)(citation omitted). See <u>United States v. Sharon Steel Corp.</u>, 681 F. Supp. 1492, 1499 n.14 (D. Utah 1987)(Jenkins, J.). "A Rule 12(b)(5) motion . . . challenges the mode or lack of delivery of a summons and complaint." <u>Oltremari by McDaniel v. Kan. Soc. & Rehab Serv.</u>, 871 F. Supp. at 1349. See <u>United States v. Sharon Steel Corp.</u>, 681 F. Supp. 1492, 1499 n.14 (D. Utah 1987).

Where a plaintiff does not meet this burden, a court may dismiss for failure to properly serve. See <u>Lasky v. Lansford</u>, 76 F. App'x. 240, 240-41 (10th Cir. 2003)(unpublished). "Motions under Federal Rules 12(b)(4) and 12(b)(5) differ from the other motions permitted by

---

[6]<u>Watkins v. Donnelly</u> is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A)("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

<u>United States v. Austin</u>, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted). The Court concludes that <u>Watkins v. Donnelly</u>, <u>United States v. Craighead</u>, 176 F. App'x 922 (10th Cir. 2006)(unpublished), <u>Pinson v. Equifax Credit Information Services, Inc.</u>, 316 F. App'x 744 (10th Cir. 2009)(unpublished), <u>United States v. $285,350.00 in U.S. Currency</u>, 547 F. App'x 886, (10th Cir. 2013)(unpublished), and <u>Whitsell v. United States</u>, No. 99-5114, 1999 WL 987355 (10th Cir. 1999), all have persuasive value with respect to material issues, and will assist the Court in its preparation of this Memorandum Opinion and Order.

Rule 12(b) somewhat in that they offer the district court a course of action -- quashing the process without dismissing the action -- other than simply dismissing the case when the defendant's defense or objection is sustained." 5B C. Wright & A. Miller, Federal Practice and Procedure § 1354, at 346 (3d ed. 2004). "Technical defects in a summons do not justify dismissal unless a party is able to demonstrate actual prejudice." Chan v. Soc'y Expeditions, Inc., 39 F.3d 1398, 1404 (9th Cir. 1994)(citing Fed. Deposit Ins. Corp. v. Swager, 773 F. Supp. 1244, 1249 (D. Minn. 1991)(Devitt, J.); United Food v. Commercial Workers Union, 736 F.2d 1371, 1382 (9th Cir. 1984)(Reinhardt, J.)). See U.S.A. Nutrasource, Inc. v. CNA Ins. Co., 140 F. Supp. 2d 1049, 1052-53 (N.D. Cal. 2001)(Hamilton, J.)("Dismissals for defects in the form of summons are generally disfavored. Such defects are considered 'technical' and hence are not a ground for dismissal unless the defendant demonstrates actual prejudice."(citing Chan v. Soc'y Expeditions, Inc., 39 F.3d at 1404)). "[W]hen a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant." Pell v. Azar Nut Co., Inc., 711 F.2d 949, 950 n.2 (10th Cir. 1983)(citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1354, at 586-87 (1969)).

> Where service of process is insufficient, the courts have broad discretion to dismiss the action or to retain the case but quash the service that has been made on defendant . . . even though service will ordinarily be quashed and the action preserved where there is a reasonable prospect that plaintiff ultimately will be able to serve defendant properly.

Montalbano v. Easco Hand Tools, Inc., 766 F.2d 737, 740 (2d Cir. 1985)(internal quotations and citations omitted). In addition, the court has discretion to dismiss the action if it appears unlikely that proper service can or will be instituted. See Pell v. Azar Nut Co., Inc., 711 F.2d at 950 n.2. "The party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements

of the relevant portions of Rule 4 and any other applicable provision of law." Light v. Wolf, 816 F.2d 746, 751 (D.C. Cir. 1987)(internal citations and quotations omitted). See Serna v. Webster, No. CV 17-0020 JB/WPL, 2017 WL 4386359, at \*26 (D.N.M. Sept. 30, 2017)(Browning, J.), appeal dismissed, No. 17-2177, 2017 WL 8786138 (10th Cir. Nov. 27, 2017), reh'g denied (Dec. 5, 2017)("The burden of establishing validity of service is on the plaintiff."(citing Fed. Deposit Ins. Corp. v. Oaklawn Apartments, 959 F.2d 170, 174 (10th Cir. 1992))); Payne v. Wilder, No. CV 16-0312 JB/GJF, 2017 WL 3025912, at \*7 (D.N.M. July 7, 2017)(Browning, J.)(same); McGrath v. City of Albuquerque, No. CIV 14-0504 JB/SCY, 2015 WL 4994735, at \*26 (D.N.M. July 31, 2015)(Browning, J.)(same).

## LAW REGARDING SERVICE OF PROCESS

The Federal Rules of Civil Procedure provide the rules for service of process. A defendant may be served by the means listed in rule 4(h) of the Federal Rules of Civil Procedure or by the means provided by the state in which "the district court is located or where service is made." Fed. R. Civ. P. 4(h)(1)(a); 4(e)(1). Under rule 4(h), a party may serve

> a domestic or foreign corporation, or a partnership or other unincorporated association . . . by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and -- if the agent is one authorized by statute and the statute so requires -- by also mailing a copy of each to the defendant.

See Fed. R. Civ. P. 4(h), 4(h)(1)(b).

Rule 1-004(G) of the New Mexico Rules of Civil Procedure specifies procedures by which service of process on business entities, including limited liability companies, may be accomplished. See N.M. Rules Ann. 1-004(G)(1); Comment to N.M. Rules Ann. 1-004(G). "New Mexico law permits service to be made upon a designated agent." Aranda v. Foamex

Int'l, 884 F. Supp. 2d 1186, 1212 (D.N.M. July 10, 2012)(Browning, J.)(citing N.M. Rules Ann. 1-004(G)).  Rule 1-004(G)(1)(a) and (c) provide:

> (1) Service may be made upon:
>
>> (a) a domestic or foreign corporation, a limited liability company or an equivalent business entity by serving a copy of the process to an officer, a managing or a general agent or to any other agent authorized by appointment, by law or by this rule to receive service of process. If the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.
>>
>> . . .
>>
>> (c) an unincorporated association which is subject to suit under a common name, by serving a copy of the process to an officer, a managing or general agent or to any other agent authorized by appointment, by law or by this rule to receive service of process. If the agent is one authorized by law to receive service and the statute so requires, by also mailing a copy to the unincorporated association.

N.M. Rules Ann. 1-004(G)(1)(a), (c).  Rule 1-004(G)(3) allows service by mail on defendants and authorized persons, stating: "Service may be made on a person or entity described in Subparagraph (1) of this paragraph by mail or commercial courier service in the manner provided in Subparagraph (3) of Paragraph E of this rule."  N.M. Rules Ann. 1-004(G)(3).  Pursuant to rule 1-004(E)(3), service by mail is sufficient "provided that the envelope is addressed to the defendant and that the defendant or a person authorized by appointment sign a receipt for the envelope containing the summons and complaint."  Kabana, Inc. v. King Larimar, Inc., No. CIV 15-00995 WJ/CG, 2016 WL 10538834, at *3 (D.N.M. May 24, 2016) (citing N.M. Rules Ann. 1-004(E)(3)).  See Glasener v. Farrell & Seldin, No. CV 14-621 KK/WPL, 2014 WL 12786900, at *3 (D.N.M. Oct. 24, 2014); McKeown v. Farrell & Seldin, No. CV 14-597 SMV/WPL, 2014 WL 12786899, at *3 (D.N.M. Oct. 24, 2014); Roybal v. Roybal, No. 29,806, 2010 WL 3971587, at *2 (N.M. Ct. App. Jan. 6, 2010).  Rule 1-004(E)(3) states in full:

Service may be made by mail or commercial courier service provided that the envelope is addressed to the named defendant and further provided that the defendant or a person authorized by appointment, by law or by this rule to accept service of process upon the defendant signs a receipt for the envelope or package containing the summons and complaint, writ or other process. Service by mail or commercial courier service shall be complete on the date the receipt is signed as provided by this subparagraph. For purposes of this rule "signs" includes the electronic representation of a signature.

N.M. Rules Ann. 1-004(E)(3).

## LAW REGARDING DEFAULT JUDGMENTS AND THE ENTRY OF DEFAULT UNDER RULE 55

Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for a default judgment. See United States v. Rivera, No. CIV 14-0579 JB/CG, 2015 WL 4042197, at *9-12 (D.N.M. June 30, 2015)(Browning, J.). First, a party must obtain a Clerk of Court's entry of default. See Fed. R. Civ. P. 55(a)("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."); Watkins v. Donnelly, 551 F. App'x 953, 958 (10th Cir. 2014)(unpublished)("Entry of default by the clerk is a necessary prerequisite that must be performed before a district court is permitted to issue a default judgment."). Second, the party must either request the Clerk to enter default judgment when the claim is for "a sum certain or a sum that can be made certain by computation," Fed. R. Civ. P. 55(b)(1), or, "[i]n all other cases, the party must apply to the court for a default judgment," Fed. R. Civ. P. 55(b)(2).

After entering default judgment, a district court takes all of the well-pleaded facts in a complaint as true. See United States v. Craighead, 176 F. App'x 922, 925 (10th Cir. 2006)(unpublished); Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974)("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." (citations

omitted)).  "If defendant does not contest the amount prayed for in the complaint [by failing to answer] and the claim is for a sum certain or a sum that can be made certain by computation, the judgment generally will be entered for that amount without any further hearing."  United States v. Craighead, 176 F. App'x at 925 (alteration in original)(quoting 10A Wright & Miller, Federal Practice & Procedure § 2688 (3d ed. 1998)).  See Fed. R. Civ. P. 8(d)("Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading.").  A court may enter a default judgment for a damage award without a hearing if the amount claimed is "one capable of mathematical calculation."  Applied Capital, Inc. v. Gibson, 558 F. Supp. 2d 1189, 1202 (D.N.M. 2007)(Browning, J.)(quoting H.B. Hunt v. Inter-Globe Energy, Inc., 770 F.2d 145, 148 (10th Cir. 1985)(citing Venable v. Haislip, 721 F.2d 297, 300 (10th Cir. 1983)).  "It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly."  10A Wright & Miller, supra, § 2688 (quoting Pope v. United States, 323 U.S. 1, 12 (1944)).  "If the damages sum is not certain or capable of easy computation, the court may" conduct such hearings or order such references as it deems necessary.  Applied Capital, Inc. v. Gibson, 558 F. Supp. 2d at 1202[7] (citing Beck v. Atl.

---

[7]In that case, the Court provided:

"Entry of default precludes a trial on the merits."  Olcott v. Del. Flood Co., 327 F.3d 1115, 1119 n.3 (10th Cir. 2003).  Rule 55(b)(2) does not contain an inherent jury requirement; rather, it preserves the right to a jury only when statute requires.  See Olcott v. Del. Flood Co., 327 F.3d at 1124.  At least where the parties have not requested a jury prior to entry of default, the "[d]efendants do not have a constitutional right to a jury trial following entry of default." . . . Mitchell v. Bd. of Cty Comm'rs of the Cty of Santa Fe, No. 05CV1155, 2007 WL 2219420, at *18-23 (D.N.M. May 9, 2007)(Browning, J.).

Contracting Co., 157 F.R.D. 61, 64 (D. Kan. 1994)(Lungstrum, J.) superseded by statute, Kan. Stat. Ann. 60-308, as recognized in Cessna Fin. Corp. v. VYWB, LLC, 982 F Supp. 2d 1226, 1233 (D. Kan. 2013)(Crow, J.)).    See Fed. R. Civ. P. 55(b)(2)(B)("The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages.").

"Default judgments are a harsh sanction." Ruplinger v. Rains, 946 F.2d 731, 732 (10th Cir. 1991)(per curiam)("In re Rains").  The Court has noted that, "[b]ecause default judgment is a harsh sanction involving a court's power to enter and enforce judgments regardless of the merits of a case, courts do not favor such a sanction 'purely as a penalty for delays in filing or other procedural error.'"  Noland v. City of Albuquerque, No. CIV 08–0056 JB/LFG, 2009 WL 2424591, at *1 (D.N.M. June 18, 2009)(Browning, J.)(quoting In re Rains, 946 F.2d at 733).

> [S]trong policies favor resolution of disputes on their merits: the default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party.  In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights.  The default judgment remedy serves as such a protection.

In re Rains, 946 F.2d at 732-33 (citations and internal quotation marks omitted).  See Noland v. City of Albuquerque, 2009 WL 2124591, at *1 (denying motion for default judgment, because the counsel for the defendant City of Albuquerque "entered an appearance three days after Noland filed his motion for default judgment," and, thus, the Court could not "reasonably say that the City of Albuquerque is an essentially unresponsive party, that the adversary process has been halted, or that Noland faces interminable delay because of the City of Albuquerque's actions").

---

Applied Capital, Inc. v. Gibson, 558 F. Supp. 2d at 1202.

"The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."  Fed. R. Civ. P. 55(c).  "[T]he good cause required by Fed. R. Civ. P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)."  Pinson v. Equifax Credit Info. Servs., Inc., 316 F. App'x 744, 750 (10th Cir. 2009)(unpublished)(quoting Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp., 115 F.3d 767, 775 n.6 (10th Cir. 1997)).  See Hunt v. Ford Motor Co., No. 94-3054, 1995 WL 523646, at *3 (10th Cir. 1995)(unpublished).  The distinction between setting aside an entry of default and setting aside a default judgment "reflects the different consequences of the two events and the different procedures that bring them about."  10A Wright & Miller, supra, § 2692.

> [T]he clerk or the court may enter a default upon the application of the nondefaulting party.  The entry simply is an official recognition of the fact that one party is in default, as, for example, for failure to comply with the rules, to appear as scheduled, or to prosecute the case with due diligence.  The entry is an interlocutory step that is taken under Rule 55(a) in anticipation of a final judgment by default under Rule 55(b).

> In sharp contrast, a final default judgment is not possible against a party in default until the measure of recovery has been ascertained, which typically requires a hearing, in which the defaulting party may participate; in some situations, a jury trial may be made available to determine an issue of damages.  Moreover, the entry of a default judgment is a final disposition of the case and an appealable order.

> . . .

> Additional differences between relief from the entry of a default and from a default judgment appear in the grounds that will support the motion being granted.  Stated generally, the defaulting party is not entitled to relief from a judgment as a matter of right under Rule 60(b). The movant must present a justification supporting the relief motion and must establish his contentions if challenged.  Although whether relief will be granted is a matter within the sound discretion of the trial court, the vacation of a default judgment is subject to the explicit provisions of Rule 60(b), which places additional restraints upon the court's discretion.  The motion to set aside a default entry, on the other hand, may

be granted for "good cause shown," which gives a court greater freedom in granting relief than is available in the case of default judgments.

10A Wright & Miller, supra, § 2692 (footnotes omitted).

While there are some differences between setting aside the entry of default and setting aside a default judgment, there are some important similarities, including that courts may consider the same factors: whether the party willfully defaulted, whether setting aside the entry of default or default judgment would prejudice the non-movant, and whether the movant has presented a meritorious defense. See United States v. $285,350.00 in U.S. Currency, 547 F. App'x 886, 887 (10th Cir. 2013)(unpublished)("Three requirements must be met when setting aside a default judgment under Rule 60(b): '(1) the moving party's culpable conduct did not cause the default; (2) the moving party has a meritorious defense; and (3) the non-moving party will not be prejudiced by setting aside the judgment.'" (quoting United States v. Timbers Preserve, 999 F.2d 452, 454 (10th Cir. 1993), abrogated on other grounds by Degen v. United States, 517 U.S. 820, 825 (1996))); Pinson v. Equifax Credit Info Servs., Inc., 316 F. App'x at 750 ("In deciding whether to set aside an entry of default, courts may consider, among other things, 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'" (quoting Dierschke v. O'Cheskey (In re Dierschke, 975 F.2d 181, 183 (5th Cir. 1992)("Dierschke"))). The Tenth Circuit has, at times, listed two factors rather than three for the standard in setting aside a default judgment:

> Rule 60(b) of the Federal Rules of Civil Procedure permits relief from a final judgment only if the movant can demonstrate justifiable grounds, including mistake, inadvertence, surprise or excusable neglect. In the case of default judgments, courts have established the further requirement that a movant demonstrate the existence of a meritorious defense. E.g., Gomes v. Williams, 420 F.2d 1364, 1366 (10th Cir. 1970). A 60(b) motion thus comprehends two distinct aspects[:] justification for relief and a meritorious defense.

In re Stone, 588 F.2d 1316, 1319 (10th Cir. 1978). See Sawyer v. USAA Ins. Co., 839 F. Supp.

2d 1189, 1230 (D.N.M. 2012)(Browning, J.)(setting aside a default judgment, because, "when a plaintiff fails to properly serve a defendant, a default judgment is void and should be set aside under rule 60(b)(4)"). "Although how these factors will be evaluated and weighed lies within the discretion of the trial court to a considerable degree, . . . federal courts are willing to grant relief from a default entry more readily and with a lesser showing than they are in the case of a default judgment." 10A Wright & Miller, supra, § 2692 (footnotes omitted). "The standard for setting aside an entry of default under Rule 55(c) is fairly liberal because '[t]he preferred disposition of any case is upon its merits and not by default judgment.'" Crutcher v. Coleman, 205 F.R.D. 581, 584 (D. Kan. 2001)(Vratil, J.)(quoting Gomes v. Williams, 420 F.2d 1364, 1366 (10th Cir. 1970)). See Applied Capital, Inc. v. Gibson, No. Civ 05–98 JB/ACT, 2007 WL 5685131, at *20-23 (D.N.M. Sept. 27, 2007)(Browning, J.)(liberally construing a pro se defendant's motion to dismiss as a motion to set aside the default, but concluding that the pro se defendant did not show good cause for the Court to set aside the entry of default, because, although setting aside the entry of default would not prejudice the plaintiff, the pro se defendant was "fully aware of the need to answer within the given time limitation and chose not to respond timely," and he failed to appear at a hearing to support his allegation that he had a meritorious defense). See also Dogs Deserve Better, Inc. v. N.M. Dogs Deserve Better, Inc., No. Civ 05–98 JB/ACT, 2016 WL 6396392, at *22 (D.N.M. Oct. 12, 2016)(Browning, J.)("The standard for setting aside an entry of default under rule 55(c) is liberal, allowing the Court to consider, among other things, whether the default was willful and culpable, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.").

## ANALYSIS

There are two primary reasons why the Court should not enter default judgment and

should grant the challenge to service. First, Martinez did not properly serve Shellpoint Mortgage; hence, the Court will grant the Motion to Quash. Second, because the Clerk of the Court has not entered default, the Court will deny the Judgment Motion.

## I. MARTINEZ DID NOT SERVE THE SUMMONS AND COMPLAINT ON AN AUTHORIZED PERSON.

Because Martinez mailed a summons and complaint to a general address, where an authorized agent did not sign the envelope, he did not satisfy rule 4 of the Federal Rules of Civil Procedure or rule 1.004(G) of the New Mexico Rules of Civil Procedure. See Glasener v. Farrell & Seldin, 2014 WL 12786900, at *3; McKeown v. Farrell & Seldin, 2014 WL 12786899, at *3; Roybal v. Roybal, 2010 WL 3971587, at *2. No officer, general or managing agent, or authorized agent accepted the package at the Ohio P.O. Box, because Shellpoint Mortgage maintains that address only to collect mortgage payments. See Trinkley Aff. ¶ 9, at 2; N.M. Rules Ann. § 1-004(G). Hence, the service of process was not proper. See N.M. Rules Ann. § 1-004(G).

In the hearing, Shellpoint Mortgage cited Hukill v. Oklahoma Native American Domestic Violence Coalition for the proposition that, regardless of statutory language, a plaintiff must serve an authorized person. The Tenth Circuit's conclusion in Hukill v. Oklahoma Native American Domestic Violence Coalition, however, rested on an interpretation of an Oklahoma statute. See Hukill v. Okla. Native Am. Domestic Violence Coal., 542 F.3d at 798. The Tenth Circuit noted that "defendants did not raise a constitutional claim that service was invalid despite technical compliance with the applicable statute. They argued that service was invalid because it did not satisfy the statutory requirements." 542 F.3d at 801. Oklahoma applies a rule of "substantial compliance" in determining whether its statutory requirements for service have been met. 542 F.3d at 798. The Tenth Circuit, in reaching its conclusion that, "because Ms. Hukill's

attempted service by mail was not accepted by an authorized person, it did not substantially

comply with the statute and was invalid," <u>Hukill v. Okla. Native Am. Domestic Violence Coal.</u>,

452 F.3d at 802, relied on Okla. Stat. tit. § 2004(C)(2)(c), which provides: "[A]cceptance or

refusal by any officer or by any employee of the registered office or principal place of business

who is authorized to or who regularly receives certified mail shall constitute acceptance or

refusal by the party addressed." Okla. Stat. tit. § 2004(C)(2)(c).

Based on rule § 1-004(G), Martinez should have served an officer, agent or authorized

person. <u>See</u> N.M. Rules Ann. § 1-004(G). Martinez focuses too exclusively on rule 1-004(E),

which states:

> Service may be made by mail or commercial courier service provided that the envelope is addressed to the named defendant and further provided that the defendant or a person authorized by appointment, by law or by this rule to accept service of process upon the defendant signs a receipt for the envelope or package containing the summons and complaint, writ or other process. Service by mail or commercial courier service shall be complete on the date the receipt is signed as provided by this subparagraph. For purposes of this rule "signs" includes the electronic representation of a signature.

N.M. Rules Ann. 1-004(E)(3). Martinez reads this literally: if he mails the Summons and

Complaint to Shellpoint Mortgage, service is complete and valid. Rule 1-004(E) governs only

the method of service. Rule 1-004(G)(1)(a) governs upon whom service must be made: "Service

may be made upon . . . a limited liability company . . . by serving a copy of the process to an

officer, a managing or a general agent or to any other agent authorized by appointment, by law or

by this rule to receive service of process." N.M. Rules Ann. 1-004(G)(1)(a). Thus, while

Martinez is correct that he can use rule 1-004(E), and mail the Summons and Complaint, he still

has to serve the right person. If the addressee is a registered agent, Martinez may use mail to

serve to that person. <u>See</u> N.M. Rules Ann. 1-004(G)(1)(a). Martinez also is correct that he does

not have to serve a registered agent, but if he does not serve a registered agent, he still has to

serve "an officer, a managing or a general agent." N.M. Rules Ann. 1-004(G)(1)(a). Martinez'

focus on rule 1-004(E) without also considering all rule 1-004(G) makes the service here invalid.

New Penn Financial, LLC maintains a registered agent for service of process, as N.M.

Stat. Ann. § 53-17-11 requires. <u>See</u> Search Information, at 1; N.M. Stat. Ann. § 53-17-11. The

registered agent has an address in New Mexico. <u>See</u> Trinkley Aff. ¶ 10 at 3 ("Shellpoint

appointed its current agent for service of process in the State of New Mexico, Corporation

Service Company, on June 19, 2015."); Search Information, at 1 ("Registered Agent

Information: Name: Corporation Service Company; Physical Address: 123 East Marcy St., Suite

101, Santa Fe, New Mexico 87501"). To comply with rule 1.004(G), Martinez could have

mailed the summons and complaint to the registered agent. <u>See</u> N.M. Rules § 1-004(G). The

Court thus grants the Motion to Quash.

## II.    <u>MARTINEZ DID NOT OBTAIN A CLERK'S ENTRY OF DEFAULT.</u>

The Court could not properly grant the Judgment Motion because of the invalid service.

Martinez also did not obtain a Clerk's entry of default before seeking a default judgment. <u>See</u>

<u>Watkins v. Donnelly</u>, 551 F. App'x at 958. The default process is a two-step process, and the

first step is entry of default. <u>See</u> Fed. R. Civ. P. 55(a)("When a party against whom a judgment

for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown

by affidavit or otherwise, the clerk must enter the party's default."). It would not be proper for

the Court to grant a default judgment. <u>See</u> <u>Watkins v. Donnelly</u>, 551 F. App'x at 958 ("Entry of

default by the clerk is a necessary prerequisite that must be performed before a district court is

permitted to issue a default judgment."). Martinez concedes this point. <u>See</u> Tr. at 5:13-15

(Gonzales). The Court accordingly denies the Judgment Motion.

**IT IS ORDERED** that (i) Plaintiff's Judgment Motion, filed February 21, 2018

(Doc. 15), is denied, and (ii) Defendant Shellpoint Mortgage's Motion to Quash, filed August 20,

2018 (Doc. 52), is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Eric N. Ortiz
Joseph C. Gonzales
Eric Ortiz Law
Albuquerque, New Mexico

     *Attorneys for the Plaintiff*


Chris R. Marques
Justin Bert Breen
Keleher & McLeod, P.A.
Albuquerque, New Mexico

     *Attorneys for the Defendant Citimortgage, Inc.*

--and--

Mark C. Willis
Kutak Rock LLP
Denver, Colorado

--and--

Matthew W. Park
Lewis Roca Rothergerber Christie LLP
Las Vegas, NV

--and--

Richard L. Alvidrez
Miller Stratvert PA

Albuquerque, New Mexico

--and--

Ryan M Walters
Lewis Roca Rothergerber Christie LLP
Albuquerque, New Mexico

*Attorneys for the Defendant Ditech Financial, LLC*

--and--

Eraina Marie Edwards
Rose L. Brand & Associates, P.C.
Albuquerque, New Mexico

*Attorney for the Defendant Shellpoint Mortgage Servicing*